Filed 3/12/15  P. v. Jimenez CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS CARMELO JIMENEZ,<br><br>Defendant and Appellant. | F067335<br><br>(Super. Ct. No. CF96572117)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

On July 16, 1997, defendant Jesus Carmelo Jimenez was convicted by jury trial of two counts of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)[1] (hereafter § 12021(a)(1)), reenacted as § 29800, subd. (a)).  Because defendant had suffered two prior strike convictions, the trial court sentenced him to 50 years to life pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On November 6, 2012, the electorate passed Proposition 36, amending the Three Strikes law to permit the recall of some sentences imposed under the Three Strikes law pursuant to the newly added section 1170.126.  On February 28, 2013, defendant filed a petition to recall his sentence pursuant to section 1170.126.  On March 20, 2013, the trial court made a preliminary finding that defendant was eligible for resentencing and appointed counsel for him.  On May 17, 2013, a hearing was held on the petition and the trial court found defendant statutorily ineligible for resentencing due to his conviction under section 12021(a)(1).  Thus, the court denied the petition.  On appeal, defendant contends the trial court erred in denying his petition to recall the sentence.[2]  We affirm the trial court's order.

## FACTS

On May 10, 2013, the trial court heard and ruled on several petitions pursuant to section 1170.126, including defendant's, as follows:

> "The Court recognizes this issue is a difficult one.  I—the Court notes this issue and considers this issue as follows:  Whether those petitioners whose offense of conviction does not include a pled and proved enhancement for weapons use, but does include an offense conviction that by its definition establishes that the defendant used a firearm, was armed with a firearm or deadly weapon .…"

---

[1]  All statutory references are to the Penal Code unless otherwise noted.

[2]  We agree the claim is appealable.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598-601.)

2.

"I, therefore, [am] finding … that the electorate's intent was to exclude from consideration any individual petitioning from resentencing for any weapons related felony ….  [¶] … [¶]

"[E]ach of the named [defendants] is statutorily excluded from consideration for resentencing because, in fact, [his] offense of conviction is an offense involving the use of a firearm, being armed with a firearm …."

On May 17, the court considered defendant's case, as follows:

"This case shares, along with approximately six[] other cases this Court has considered, a unique issue; in that, [defendant] was—his offense of conviction is a violation of … section 12021(a)(1), loosely described as 'felon in possession of a firearm.'

"The issue before the Court is whether or not it should reconsider its initial ruling that the defendant was—is initially eligible for resentencing pursuant to [section 1170.126].  The Court last week in what it considers to be five—pardon me—four other cases that are factually very similar to this case, ordered that [those defendants were] not eligible for resentencing based upon and for no other factor other than the [section] 12021(a)(1) violation.

"I intend to order the same here and clarify on the record I am not considering [defendant] and whether or not he would be an unreasonable risk of danger to the community because I don't believe I can consider that. I don't believe I have the jurisdiction to otherwise consider the petition, because it is this Court's position that the conviction of the [section] 12021(a)(1) excludes [defendant] from consideration of resentencing.

"I will attach to this … ruling or the minute order a copy of the transcript from last week's case … which sets forth the Court's reasoning, which I am adopting and finding in this case as well, subject to further argument."

The following then occurred:

"[DEFENSE COUNSEL]:  Well, Your Honor, I will just note that I respect the Court's ruling obviously without agreeing with it.  I will just note it goes somewhat beyond what [the prosecutor] was arguing in support of this position.  If I read [the prosecutor's] position correctly—correctly, what he essentially said was, 'Your Honor, I am not saying that [defendant] and the other similarly-situated defendants should be denied relief simply because they were found in possession.  I am arguing the Court can go

3.

beyond what was found by the jury and conclude that he was, in fact, armed.' I think that is an accurate summation of what the People are arguing in these cases—

"THE COURT: They were, and we have addressed that. Based upon very recent authority from, I believe, the Second District, indicating that this is not a matter that needs to be resolved by a jury to a standard of proof beyond a reasonable doubt dealing with what was referred to as Ap[p]rendi[3] issues, but that is a secondary issue. The initial issue is the [section] 12021. [¶] … [¶]

"[THE PROSECUTOR]: Very quickly. I don't adopt counsel's interpretation of my argument. Regardless of how broadly the Court may have interpreted the statute, I believe we have argued each of the cases. In the case of [defendant], the facts that we were presented, the facts of conviction[,] do demonstrate that [defendant] was armed during the commission of his commitment offense, and that, in our view, is the crux of the matter….

"THE COURT: Very good. That will be my ruling…."

## DISCUSSION

Defendant contends the trial court found him statutorily ineligible for resentencing on the basis of his section 12021(a)(1) conviction rather than an arming enhancement that was pled and proved. He also asserts that he is entitled to resentencing because there is no jury finding beyond a reasonable doubt that he was armed with a firearm, and the trial court prejudicially violated his constitutional rights by impliedly finding that fact true.

The People agree that the trial court erred by interpreting the statute to exclude all persons convicted of a "weapons related felony," but they argue we should uphold the ruling because it is supported by the factual record of the underlying offenses. We agree with this position.

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a

---

**3**     *Apprendi v. New Jersey* (2000) 530 U.S. 466.

4.

third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In addition to reforming Three Strikes sentencing for defendants convicted after the effective date of the Act, the Act also added section 1170.126 to provide for retroactive reform of existing Three Strikes sentences imposed before the effective date of the Act. Section 1170.126 "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." (*People v. White* (2014) 223 Cal.App.4th 512, 517 (*White*).) However, a defendant is not eligible for resentencing under the Act if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Thus, as we recently held, a current conviction for being a felon in possession of a firearm does not automatically disqualify a defendant for resentencing under the Act. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051-1057 (*Blakely*).) Rather, as relevant here, eligibility for resentencing turns on whether the record of conviction establishes that the defendant used a firearm or was armed with a firearm during the commission of the current offenses. (*Id*. at p. 1052.) "'[A]rmed with a firearm,' as that phrase is used in the Act, [means] having a firearm available for offensive or defensive

5.

use" during the commission of the current offense. (*Id.* at p. 1052; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030 (*Osuna*); see *White, supra,* 223 Cal.App.4th at pp. 522-526; *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1015-1016 (*Cervantes*); see also *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 989-990 (*Martinez*).)[4] "'"[A] firearm that is available for use as a weapon creates the very real danger it will be used." [Citation.] Therefore, "[i]t is the availability—the ready access—of the weapon that constitutes arming." [Citation.]' [Citation.] The defendant is considered armed even if the weapon is inoperable [citation] or … unloaded [citation]." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 799 (*Brimmer*).) "'[U]se of a firearm connotes something more than a bare potential for use[;] there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a firearm ….'" (*People v. Bland* (1995) 10 Cal.4th 991, 997.)

Here, then, we consider whether defendant used a firearm or was armed with a firearm during the commission of his current offenses. To that end, we turn to an examination of the record of conviction. Although the trial court did not consider the

---

**4** In construing the intent of the voters in enacting the Act, we concluded that the electorate had no intention of extending the resentencing benefit to defendants who used or were armed with a firearm during the commission of their current offenses. (*Blakely, supra*, 225 Cal.App.4th at pp. 1053-1057; see *Osuna, supra,* 225 Cal.App.4th at pp. 1034-1038; *Cervantes, supra,* 225 Cal.App.4th at pp. 1014-1018; *Martinez, supra,* 225 Cal.App.4th at pp. 990-995.) We stated: "It is clear the electorate's intent was not to throw open the prison doors for *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Blakely, supra*, at p. 1057; *Osuna, supra*, at p. 1038 [same]; see *Cervantes, supra*, at p. 1018 ["We do not view the electorate as deeming someone with a firearm available for use, either offensively or defensively, in the commission of a felony to be nondangerous or to pose little risk to the public."].)

facts surrounding defendant's offenses, but based its ruling on the offenses themselves, we "review the correctness of the trial court's ruling, not the reasons underlying it" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1075-1076, fn. 4; see *Punsly v. Ho* (2003) 105 Cal.App.4th 102, 113 ["A judgment or order correct in theory will be affirmed, even where the trial court's given reasoning is erroneous."], disapproved on another point by *In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1226, fn. 4).

"[A] trial court may rely on the record of conviction, including this court's prior opinion in defendant's appeal from his original judgment and trial transcripts, as evidence to determine eligibility under the Act. ([*People v. *]*Trujillo*[ (2006)] 40 Cal.4th at pp. 180-181; [*People v. *]*Woodell*[ (1998)] 17 Cal.4th at p. 457.)" (*Brimmer, supra,* 230 Cal.App.4th at pp. 800-801; see *White, supra,* 223 Cal.App.4th at p. 525 [reliance on record of conviction, including information, pretrial motion, and closing argument]; *Blakely, supra*, 225 Cal.App.4th at p. 1063 [a trial court may examine relevant, reliable, admissible portions of the record of conviction to determine disqualifying factors]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-1338 (*Bradford*) [reliance on record of conviction but may not consider new evidence outside of the record of conviction].) The Supreme Court "allow[s] recourse to the record of conviction, but no further, to promote the efficient administration of justice and to preclude the relitigation of the circumstances of the crime. [Citation.] Including the appellate opinion as part of the record of conviction promotes efficiency and does not relitigate stale factual questions." (*Woodell, supra,* at p. 456.) Likewise, "the appellate opinion itself, representing the action of a court, clearly comes within the exception to the hearsay rule for official records. [Citations.]" (*Id.* at p. 458; see Evid. Code, § 1280.)

Our prior opinion on the direct appeal of this case provides the following facts:

> "In this case, while defendant was still on probation, officers, responding to a call regarding gunshots, discovered defendant with a .22-caliber revolver containing six empty shell casings. Officers found live ammunition in defendant's pocket. The other conviction in this case arises

from events occurring in 1996. Officers responded to a call of a man shooting a gun. They observed defendant yelling at some people in front of an apartment complex. The defendant ultimately drew a .22-caliber Luger-type handgun from his waistband, frightening the apartment residents back into their homes. When officers recovered this weapon, it had a round in the chamber." (*People v. Jimenez* (June 8, 1999, F029062) [nonpub. opn.].)[5]

To clarify these facts, particularly those of the first incident described above, we turn to the reporter's transcript of the 1997 trial, which provides the following facts:

On April 16, 1994, police responded to a report of shots fired. They contacted two men, one of whom was defendant. The officers conducted a patdown search of the two men for weapons. Defendant was carrying a .22-caliber revolver containing six spent casings. Eight live .22-caliber rounds were in his pocket.

On November 15, 1996, police responded to a call and found defendant yelling at people at an apartment complex. He lifted his shirt and everyone ran away. Then he pulled a handgun out of his waistband and waved it toward the apartment windows as he continued to yell. After about a minute, he put the gun back into his waistband. When he noticed the police, he put the gun into a trash can. The recovered gun was a .22-caliber Luger-type handgun loaded with a clip containing 10 live rounds.

Accordingly, the record of conviction establishes that in both incidents defendant had a firearm available for offensive or defensive use during the commission of the offense. In 1994, he had on his person and available to him for offensive or defensive use a .22-caliber revolver and live .22-caliber ammunition. In 1996, he drew and waved a loaded .22-caliber Luger-type handgun, which was available to him for offensive or defensive use, and which he was apparently using offensively. Thus, in the first case, defendant was armed with a firearm, and in the second case he was both armed and using

---

[5] We take judicial notice of our nonpublished case, *People v. Jimenez, supra,* F029062, and the record in that case.

a firearm. Consequently, he is ineligible for resentencing, and the trial court did not err in so ruling.

As for defendant's assertion that the use or arming exception must be pled and proved as an enhancement or tethered to the underlying offense, we have also recently addressed this issue. In both *Blakely* and *Osuna*, we found that disqualifying factors need not be pled or proved to a trier of fact beyond a reasonable doubt. In both cases, we explained the language of section 1170.126 does not impose a plead-and-prove requirement "in connection with the procedure for determining whether an inmate already sentenced as a third strike offender is eligible for resentencing as a second strike offender. [Citation.]" (*Blakely, supra*, 225 Cal.App.4th at p. 1058, italics omitted; *Osuna, supra*, 225 Cal.App.4th at p. 1033.) In *Osuna*, we concluded that being armed with a firearm during the commission of the current offense for the purposes of the Act does not require that the possession be "tethered" to or have some "facilitative nexus" to an underlying felony. (*Osuna, supra*, at pp. 1030-1032.)

Further, we have also recently concluded that "*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the Act." (*Blakely, supra*, 225 Cal.App.4th at p. 1060; *Osuna, supra*, 225 Cal.App.4th at p. 1039; see *Bradford, supra,* 227 Cal.App.4th at pp. 1334-1336.) We explained that "finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." (*Blakely, supra*, at p. 1061; *Osuna, supra*, at p. 1040.)

For these reasons, we reject defendant's contentions.

## DISPOSITION

The trial court's order denying the petition is affirmed.